UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY WILLIAMSON #186967,

    Plaintiff,

v.

REBECCA FREYTAG, et al.,

    Defendants.
_____/

Case No. 2:18-CV-141

HON. GORDON J. QUIST

**ORDER ADOPTING REPORT AND RECOMMENDATION**

    This is a civil rights action brought by state prisoner, Rodney Williamson, pursuant to 42 U.S.C. § 1983. Defendants have filed a Motion for Summary Judgment Based on Failure to Exhaust. (ECF No. 28.) On January 23, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R. & R.), recommending that Defendants' motion be granted in part and denied in part. (ECF No. 42.) On the same date, Judge Vermaat granted Plaintiff's motion to file an amended complaint. (ECF No. 43.) Defendants subsequently filed an objection. (ECF No. 45.)

    Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R. & R., the objections, and the pertinent portions of the record, the Court concludes that the R. & R. should be adopted.

Defendants argue that the Court should reject the R. & R. because Plaintiff's amended complaint rendered Defendants' motion for summary judgment moot. The general rule is that an amended complaint supersedes the original complaint; therefore, dispositive motions pertaining to the original complaint are moot. *See Parks v. Federal Exp. Corp.,* 1 F. App'x 273, 277 (6th Cir. 2001). But, as with all general rules, there are exceptions. "If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476 (3d ed. 2020). Some courts have determined that a dispositive motion is not moot "when the amended complaint is substantially identical to the original complaint." *Greater Cincinnati Coalition for Homeless v. City of Cincinnati*, No. 1:08-CV-603, 2009 WL 3029661, at *3 (S.D. Ohio Sept.16, 2009); *see also Mandali v. Clark*, No. 2:13-CV-1210, 2014 WL 5089423, at *2 (S.D. Ohio Oct. 9, 2014); *Smith v. GE Aviation*, No. 3:10-CV-13, 2011 WL 2790166, at *1 (S.D. Ohio July 15, 2011)

In the instant case, Plaintiff's amended complaint is substantially identical to his original complaint. After screening the original complaint, the Court concluded that Plaintiff's viable claims were equal protection claims against Defendants Webb, Freytag, and Line, and a retaliation claim against Defendant Line. (ECF No. 6 at PageID.78) The retaliation claim alleges that Defendant Line threatened to transfer Plaintiff to the "hole" in response to Plaintiff's grievances. (ECF No. 6 at PageID.77.) As the magistrate judge correctly concluded, "[t]he only new allegation in the amended complaint is that Defendant Line also threatened Plaintiff with a false misconduct ticket." (ECF No. 43 at PageID.335.) This new allegation has no bearing on whether Plaintiff exhausted his administrative remedies on the equal protection claims against Defendant. And although the new allegation expands Plaintiff's retaliation claim against Defendant Line, Plaintiff

2

alleged that Defendant Line threatened to "set [his] ass up" in the grievance at issue. (ECF No. 29-3 at PageID.187.) Thus, the ruling on the exhaustion issue would remain the same on any future motion—a general issue of material fact exists as to whether Plaintiff exhausted his administrative remedies on the retaliation claim against Defendant Line. To not rule on this pending summary judgment motion "would be to exalt form over substance." 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476 (3d ed. 2020). In addition, as noted by the magistrate judge, Defendants can request a bench trial to resolve the exhaustion issue.

**Accordingly, IT IS HEREBY ORDERED** that the January 23, 2020, Report and Recommendation (ECF No. 42) is **adopted** as the Opinion of the Court. Defendants' objection (ECF No. 45) is **overruled**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment Based on Failure to Exhaust (ECF No. 28) is **granted in part** and **denied in part**. The equal protection claim against Defendant Line is **dismissed without prejudice**.

This case will proceed on the retaliation claim against Defendant Line and the equal protection claims against Defendant Webb and Freytag.

Dated: April 24, 2020                    /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE